IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. TAURO, | ) |
|       Plaintiff, | ) |
| v. | )    Civil Action No. 09-354 |
| ALLEGHENY COUNTY, ET AL., | ) |
|       Defendants | ) |

**ORDER**

<u>CONTI</u>, District Judge

     Pending before the court is the request for default (the "Request") (Docket No. 21), filed on July 9, 2009, by pro se plaintiff, John T. Tauro ("Tauro" or "plaintiff"), against defendants, Allegheny County, Michael Wojcik, William Mullen and Raymond Billotte ("defendants"), asserting that defendants failed to respond to the complaint (the "complaint") (Docket No. 2) filed by plaintiff on March 31, 2009.

     On May 20, 2009, summons were issued to defendants. Under the Federal Rules of Civil Procedure, a defendant must serve an answer to a complaint within 20 days after being served with the summons and complaint, FED. R. CIV. P. 12(a), which time under certain circumstances may be extended by order of the court. FED. R. CIV. P. 6(b) (Extending Time). In the alternative, a defendant may move to dismiss the complaint under certain circumstances. FED. R. CIV. P. 12(b). For example, a defendant may present a defense to a claim for relief asserted in a complaint by filing a motion to dismiss the complaint alleging that the complaint failed to state a

claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A motion asserting that defense must be made before filing an answer or any other response. FED. R. CIV. P. 12(b).

On June 2, 2009, defendants filed a motion for extension of time to file an answer to the complaint. (Docket No. 4.) The court granted defendants' motion extending the time for defendants' responsive pleading until June 30, 2009. On June 10, 2009, defendants filed a response to the complaint in the form of a Rule 12(b)(6) motion to dismiss (Docket No. 7), asserting the defense that the complaint fails to state a claim upon which relief can be granted.

Timely service of a Rule 12(b)(6) motion by a defendant alters the time for filing an answer. FED. R. CIV. P. 12 (a)(4) (Effect of a Motion) (time period for filing answer altered when motion under Rule 12 is filed; an answer will be due, unless the court orders otherwise, ten days after notice that the court denied the motion or postponed its disposition until trial); see Brown v. Interbay Fund LLC, 198 F. App'x 223, 225 (3d Cir. 2006) (lender's timely filed motion to dismiss for failure to state a claim extended time to file answer); Whayne v. Kansas, 980 F.Supp. 387, 391 (D. Kan. 1997) (plaintiff was wrong to believe defendants were in default for not having answered his complaint because Rule 12(b) motion is proper defense pleading and Rule 12(a)(4) alters time period for answering complaint).

In Brown, the pro se plaintiffs contended that the district court abused its discretion by, among other things, failing to rule on a motion for default judgment and by allowing the defendant to substitute a motion to dismiss for an answer. The court of appeals noted that "[the plaintiffs] overlook that the time period for filing an answer is altered when a defendant files a motion under Rule 12." Brown, 198 F. App'x at 225. Similarly, plaintiff here fails to consider that the time period for filing an answer was altered upon defendants' filing of a Rule 12 motion

to dismiss. Because defendants timely filed their motion under Rule 12, plaintiff's request for default is DENIED.

By the court,

Dated: July 31, 2009

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc: Counsel of record
John J. Tauro
5309 Perrysville Road, 1st Floor
Pittsburgh, PA 15229