IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. TAURO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-354 |
| | ) | |
| ALLEGHENY COUNTY, MICHAEL H. WOJCIK, in his official capacity as County Solicitor and individually, CHIEF DEPUTY SHERIFF WILLIAM P. MULLEN, RAYMOND L. BILLOTTE, in his official capacity as Court Administrator and individually, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Pending before the court are two motions for relief pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), filed on April 11, 2011 (ECF No. 35) and on April 13, 2011 (ECF No. 36) by pro se plaintiff John Tauro ("Tauro" or "plaintiff"). The motions are identical in all respects, and the court will consider their arguments together.

*Background*

The court and the parties are familiar with the history of this case, and the court will reiterate only the essential points necessary to dispose of the motions at bar. In March 2009, plaintiff commenced suit by filing a complaint pursuant to 42 U.S.C. § 1983, alleging defendants violated his rights under the Fourteenth Amendment to the Constitution of the United States.

On November 24, 2009, the court issued a memorandum opinion and order granting defendants' motions to dismiss plaintiff's claims as frivolous under 28 U.S.C. § 1915(e)(2).

Tauro v. Allegheny County, No. 09-354, 2009 WL 4262977 (W.D. Pa. Nov. 24, 2009). In that opinion, the court held that certain claims against defendants were barred by the doctrine of issue preclusion. Id. at *4. The remainder of plaintiff's claims were deemed frivolous because they had no basis in law or fact. Id. at *5.

On December 19, 2009, plaintiff filed a timely appeal seeking review of the court's November 24, 2009 order. (ECF No. 29.) On March 22, 2010, the Court of Appeals for the Third Circuit affirmed this court's judgment and dismissed the appeal pursuant to 28 U.S.C. § 1915(e). 371 F. App'x 345 (3d Cir. 2010). The salient points of the court of appeals' decision are as follows:

> In the Memorandum Opinion, the District Court found that the solicitor's immunity for his role in "civil contempt" proceedings against Tauro was "'actually litigated' and 'essential' to a 'a [sic] final and valid judgment'" in Tauro's first lawsuit in 2003. Likewise, in 2006, we affirmed that his claims alleging that Pennsylvania law prohibited the agreements the solicitor entered into to "engage[] in representation" were without merit. Accordingly, we agree with the District Court that these claims are barred by the doctrine of collateral estoppel.
>
> We also agree with the District Court's conclusion that Tauro's remaining claims against the County and the sheriff have no basis in fact or law. Tauro's attempts to equate civil contempt and resulting arrest and incarceration with being charged with a "civil crime" and being subjected to "debtor's prison" have no basis in any relevant law. Additionally, his claims that the County's policies permitting civil contempt pending payment of child support are constitutional "as applied" and "on their face," have no basis in fact or law.

Id. at 347-48.

Unhappy with this latest turn of events, plaintiff now moves this court for relief pursuant to Rule 60(b). Because plaintiff is not entitled to relief under that rule, his motions will be denied.

*Standards*

Rule 60(b) provides as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been revered or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

FED. R. CIV. P. 60(b). Rule 60(c) requires the movant to file his motion "within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c).

*Discussion*

Motions for Rule 60(b) relief are denied when movants "merely reargue[] the merits of [their] claim." Holland v. Holt, No. 10-2381, 2010 WL 5018169, at *2 (3d Cir. Dec. 9, 2010). To that end, a Rule 60(b) motion "is not a substitute for a timely appeal," United Student Aid

3

Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1377 (2010), and legal error, without more, cannot justify relief under the rule. Holland, 2010 WL 5018169, at *3; see Espinosa, 130 S. Ct. at 1377.

Plaintiff here does not indicate under which Rule 60(b) section he seeks relief. Plaintiff is nonetheless precluded from relief under Rule 60(b)(1)-(3) because his motions were filed more than one year after the court's ruling on defendants' motions to dismiss. See FED. R. CIV. P. 60(c); see also DeMatthews v. Hartford Ins. Co., 402 F. App'x 686, 688-89 (3d Cir. 2010) (affirming the district court's decision to deny the plaintiff relief under Rule 60(b)(1)-(3) because his motion was not timely for purposes of Rule 60(c)). Because the language of Rule 60(b)(5) is inapplicable to the procedural posture of this case, the court will construe plaintiff's motions as requesting relief under Rule 60(b)(4) (void judgments) and (6) (the catchall section).

### *A. Whether plaintiff is entitled to relief under Rule 60(b)(4)*

"A void judgment is a legal nullity" that is "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." Espinosa, 130 S. Ct. at 1377. "'A judgment is not void,'" however, "'simply because it is or may have been erroneous.'" Id. (quoting Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995)). A motion under Rule 60(b)(4) is valid only where a judgment is premised on one of two grounds: (1) jurisdictional error; or (2) "a violation of due process that deprives a party of notice or the opportunity to be heard." Id. (findings of jurisdictional defect are generally limited to "the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction) (quoting Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir. 1986)).

Plaintiff does not argue that the court's judgment is void because it lacked jurisdiction; to the contrary, Tauro persist in his requests for this court to maintain jurisdiction in this case and address his claims. (See generally Pl.'s Mot. (ECF No. 35).) This also is not a case where

4

plaintiff asserts he did not receive proper notice of the proceedings in deprivation of his due process rights. See, e.g., Espinosa, 130 S. Ct. at 1378 (petitioner asserted it did not receive adequate notice of bankruptcy proceedings). Plaintiff did not demonstrate a jurisdictional error or due process violation and his motions fail under Rule 60(b)(4).

### *B. Whether plaintiff is entitled to relief under Rule 60(b)(6)*

"A party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008); see Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). This requirement balances the broad language of Rule 60(b)(6) with the interest in the finality of judgments. Id. In order for a party to meet his burden to demonstrate extraordinary circumstances, there must be a showing that, without relief from the judgment, "an 'extreme' and 'unexpected' hardship will result." Id. (quoting Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977)).

In plaintiff's motions, he sets forth various reasons why this court should grant Rule 60(b)(6) relief: the court ignored binding precedent; granted collateral estoppel without addressing the merits of the claims; improperly held plaintiff's claims had no basis in fact or in law; recognized void judgments; misstated Pennsylvania law; and demonstrated bias toward plaintiff. (Pl.'s Mot. ¶¶ 2, 4, 8(c), 12, 19.) The bases upon which plaintiff brings his motions are not extreme and unexpected; rather, they are attempts to reargue the merits of his claims. Because plaintiff already had the benefit of an appeal and was unsuccessful on the same issues he now raises, he is not permitted to subvert that result through Rule 60(b) motions. See Espinosa discussed *supra*. Plaintiff failed to demonstrate extraordinary circumstances warranting relief under Rule 60(b)(6), and his motions will therefore be denied.

5

# **ORDER**

AND NOW, on this 20th day of April, 2011, for the reasons stated above, plaintiff John Tauro's motions (ECF Nos. 35, 36) for relief under Federal Rule of Civil Procedure 60(b) are DENIED.

By the court,

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge